E-FILED
Wednesday, 05 September, 2007  05:18:14 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# ROCK ISLAND DIVISION

```
JOHN JOE DeSILVA, Sr.         )
                              )
     Petitioner,              )
                              )    No. 06-4070
v.                            )
                              )
UNITED STATES OF AMERICA,     )
                              )
     Respondent.              )
```

## O P I N I O N   A N D   O R D E R

Before the Court is Respondent's Motion to Dismiss (Doc. 5) in which Respondent seeks to Dismiss Petitioner's request for habeas relief under 28 U.S.C. § 2255.  Petitioner's request is filed as a Writ of Error Coram Nobis and is attached to a Petition to Proceed In Forma Pauperis (Doc. 1).  The request to proceed In Forma Pauperis was previously denied by this Court (Doc. 4).  For the following reasons, Respondent's Motion is GRANTED.

### BACKGROUND

In the course of criminal prosecution, Petitioner was charged with a seven count Superseding Indictment.  From the indictment, Petitioner pled guilty to one count of conspiracy to distribute cocaine and marijuana and one count of interstate communication of a threat to injury.

A written plea agreement entered and agreed to by Petitioner and the government. Within the plea agreement, the government agreed to dismiss the additional criminal charges in the Superseding Indictment. (Plea Agreement at ¶17.) In return, Petitioner waived his rights to appeal his sentence or to collaterally attack his sentence and conviction, including his right to bring a motion under 28 U.S.C. § 2255.

In addition, at the change of plea hearing Petitioner was asked if he understood that he was waiving his right to collaterally attack his conviction under § 2255. (Doc. 5 at 6.) There, Petitioner stated that he understood that he was waiving his rights under § 2255.

At sentencing, Petitioner was sentenced to fifty-one months of imprisonment, three years of supervised release, and ordered to pay a $200 special assessment.

Now, Petitioner has brought a Petition for a Writ of Error Coram Nobis in which Petitioner challenges a two point enhancement that he received at sentencing. In addition, Petitioner also argues his innocence. The basis for his "innocence" is that he was willing to take a polygraph but the government declined to give the polygraph. And, Petitioner argues that he there is no evidence of his guilt on government wiretapping tapes. (Petition at 2.)

Previously, this Court informed Petitioner in a written Order that this Court intends to recharacterize his Petition for a Writ of Error Coram Nobis as a request for habeas relief under 28 U.S.C. § 2255.  Petitioner was given thirty days to withdraw or alter his Petition and Petitioner declined to do so. Respondent then filed a Motion to Dismiss in this case on February 15, 2007 and Petitioner has not filed any response to the Motion to Dismiss.

**ANALYSIS**

Petitioner is seeking to challenge his sentence despite the fact that he entered a guilty plea that included a waiver of the right to challenge his sentence under § 2255.

A plea agreement waiving the right to bring a collateral attack pursuant to § 2255 is enforceable as long as it made voluntarily, knowingly, and is not the product of ineffective assistance of counsel.  Jones v. United States, 167 F.3d 1142, 1144-46 (7th Cir. 1997).  A plea agreement is made voluntarily "when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea."  Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002) (citations omitted).  A plea agreement is made knowingly "when the defendant is competent, aware of the charges and advised by competent counsel."  Id.  Finally, as the Seventh Circuit has reiterated, "waivers are enforceable as a general

rule [and] the right to mount a collateral attack pursuant to § 2255 survives *only with respect to those discrete claims which relate directly to the negotiation of the waiver."* Id. at 1145 (emphasis added).

In the case at bar, Petitioner has not raised any issues which relate directly to the waiver. Neither his arguments concerning the sentencing nor his argument concerning his "innocence" relate to the waiver of his guilty plea. The guilty plea contains a valid and enforceable waiver. (Doc. 5 at 4.) At the plea colloquy, Petition stated that he understood he was waiving his right to collaterally challenge his plea agreement. (Doc. 5 at 6.) And, Petitioner did not express any displeasure with his attorney at the plea colloquy. (Doc. 5 at 7-8.) In fact, Petitioner specifically stated that at the hearing that "I am declaring myself guilty because I did what it [- the plea agreement] says." (Doc. 5 at 9.)

Accordingly, because Petitioner has not raised a basis for successfully challenging his plea agreement and waiver, Defendant's Motion to Dismiss is GRANTED.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 5) is GRANTED.

CASE TERMINATED.

ENTERED this  5th  day of September, 2007.

                                                 s/Joe Billy McDade
                                                 Joe Billy McDade
                                       United States District Judge